IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
(HOUSTON DIVISION)

| | |
|---|---|
| EXXON MOBIL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 4:10-cv-02386 (lhr) |
| ) | |
| UNITED STATES OF AMERICA, ) | THE UNITED STATES' |
| ) | ANSWER AND COUNTERCLAIM |
| Defendant. ) | |

## **ANSWER**

The United States of America answers the Complaint of Exxon Mobil Corporation as follows:

1. The allegations contained in Paragraph 1 characterize Exxon's intentions in bringing suit or state conclusions of law, and no response is required.

2. The allegations contained in Paragraph 2 characterize Exxon's intentions in bringing suit or state conclusions of law, and no response is required.

3. The allegations contained in Paragraph 3 characterize Exxon's intentions in bringing suit or state conclusions of law, and no response is required.

4. The United States admits that several "Government Owned/Contractor Operated" ("GoCo") production facilities were established on or near the much larger Baytown Refinery complex in connection with the demand for high-octane gasoline and other wartime products during World War II, and that industrial operations at these facilities produced waste products. The United States denies the remaining allegations set forth in Paragraph 4.

5. The allegations set forth in Paragraph 5 state conclusions of law, and no response is required.

## JURISDICTION AND VENUE

6. The allegations set forth in Paragraph 6 state conclusions of law, and no response is required.

7. The allegations set forth in Paragraph 7 state conclusions of law, and no response is required.

## PARTIES

8. The United States admits the allegations set forth in the first sentence of Paragraph 8, and that Exxon has its principal place of business in Irving, Texas. The United States is without knowledge or information sufficient to form a belief about the remaining allegations set forth in the same Paragraph.

9. The allegations set forth in Paragraph 9 characterize Exxon's intentions in bringing suit, and no response is required.

## FACTUAL BACKGROUND

10. The United States admits the allegations set forth in Paragraph 10.

11. The United States admits that the Baytown refinery was once operated by Humble Oil & Refining Co., and is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 11.

12. The United States admits that the Baytown refinery produced aviation gasoline during World War II, and that GoCo plants on or adjacent to the refinery property produced

toluene and synthetic rubber during the War. The United States denies the remaining allegations set forth in Paragraph 12.

13. The United States denies that it "unilaterally transform[ed] the Baytown complex into a wartime manufacturing facility for the Government," that it assumed "control" over the Baytown complex, or that it exercised "direct and pervasive control of the operations" of the Baytown refinery. The remainder of the allegations set forth in Paragraph 13 state conclusions of law to which no response is required.

14. The United States admits that it made various contractual arrangements with Exxon's predecessors to facilitate the production of aviation gasoline during World War II, and denies the remaining allegations set forth in Paragraph 14.

15. The United States denies that it exercised "operational control" of the Baytown refinery during World War II or the Korean Conflict, and is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 15.

16. The United States admits that plants were erected at or adjacent to the Baytown refinery during World War II pursuant to various contractual arrangements to make hydrocodimer products, synthetic rubber, and toluene, and that the parties intended that these plants take advantage of production synergies. The United States denies the remaining allegations set forth in Paragraph 16.

17. The United States admits that some or all of the facilities referenced in Paragraph 16 were financed using a "GoCo" model, that this arrangement involved ownership of these facilities by Government Corporations, and that the same Government Corporations were permitted by the arrangements to review specifications and designs for some aspects of

these facilities. The United States denies the remaining allegations set forth in Paragraph 17.

18. The United States admits that Government Corporations maintained ownership of various industrial plants constructed adjacent to or on the Baytown Complex during WWII until the end of the war, and in the case of certain synthetic rubber plants, until sometime in the 1950s. The United States is without knowledge or information sufficient to form a belief regarding the third sentence of Paragraph 18.

19. The United States admits that the Humble Oil and the Defense Plant Corporation signed operating contracts for the various Baytown Plancors, that one or more of these contracts may have designated Humble as an Agent of the United States for limited purposes, that government contracts often included specifications, and that the World War II economy was subject to various forms of regulation required to mobilize the economy and prevent profiteering. The United States denies that either the United States or the Defense Plant Corporation exercised "operational control" over any of these facilities, and further denies that "Government officials" were assigned "to oversee and supervise" day-to-day operations at the same facilities. The United States is without knowledge or information sufficient to form a belief regarding any remaining allegations set forth in Paragraph 19.

20. The United States admits that a contract governed operations of the Ordnance Works at Baytown, and that Army personnel were stationed at the plant for purposes such as security and quality control/product inspection for a time during World War II. The United States denies that such personnel "assumed command of the plant," or

"supervised" day-to-day plant operations, and is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 20.

21. The United States is without knowledge or information sufficient to form a belief regarding the truth the allegations set forth in Paragraph 21.

22. The United States admits that the Baytown refinery included a series of plant waste sewers, that separators were used on some waste products, that "treated" liquids appear to have been discharged to the Houston Ship Channel or other adjacent waterways, and that waste was treated or disposed of at various impoundments. The United States also admits that wastes may have been disposed of at various other areas within and without the plant property. The United States is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 22.

23. The United States admits that, during the 1940s and 1950s, various plant wastes were disposed of on-site, and that in some cases waste streams may have been discharged to adjacent waterways. The United Stated is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Pargraph 23.

24. In regards to the first sentence of Paragraph 24, the United States admits that the Defense Plant Corporation and the United States were generally aware that petroleum-based production at Baytown produced waste products, and that the synthetic rubber plants and other facilities constructed during World War II also produced waste products, but denies any remaining allegations set forth in this sentence. The United States is without knowledge or information sufficient to form a belief regarding the allegations set forth in the second sentence of Paragraph 24.

25. The United States is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25.

26. The United States denies the allegation set forth in Paragraph 26.  Presuming, however, that the allegation was intended to refer to Plaintiff (not Defendant), the United States admits that Exxon Mobil Corporation, successor to Humble Oil, continues to operate the Baytown refinery as of the date this Answer was filed.

27. The United States admits that, as the owner and operator of the Baytown refinery, Plaintiff has environmental regulatory obligations, and that Plaintiff has entered into at least two "Agreed Orders" with Texas environmental regulatory authorities.  The remaining allegations set forth in Paragraph 27 state conclusions of law, and no response is required.

28. The United States admits that Exxon has incurred costs meeting its environmental obligations associated with the Baytown Refinery, but is without knowledge or information sufficient to form a belief regarding the truth of the remaining allegations set forth in Paragraph 28.  Further, characterization of costs incurred or to be incurred as "response costs" states a conclusion of law, and no response is required.

29. The United States is without knowledge or information sufficient to form a belief regarding the truth of the allegations set forth in Paragraph 29.  Further, characterization of fees and costs paid as "response costs" states a conclusion of law, and no response is required.

30. The United States admits that Exxon made a confidential settlement demand pertaining to the Baytown Refinery on or about July 15, 2004, and that the parties have engaged in settlement discussions which have, to date, been unsuccessful.

31. The United States admits the allegations set forth in Paragraph 31.

## COUNT 1

32. The United States incorporates by reference its responses to Paragraphs 1 through 31.

33. Paragraph 33 states conclusions of law, and no response is required.

34. Paragraph 34 states conclusions of law, and no response is required.

35. Paragraph 35 states conclusions of law, and no response is required.

36. Paragraph 36 states conclusions of law, and no response is required.

37. Paragraph 37 states conclusions of law, and no response is required.

38. Paragraph 38 states conclusions of law, and no response is required.

39. Paragraph 39 states conclusions of law, and no response is required.

40. Paragraph 40 states conclusions of law, and no response is required.

41. Paragraph 41 states conclusions of law, and no response is required.

## COUNT II

42. The United States incorporates by reference its responses to Paragraphs 1 through 41.

43. Paragraph 43 states conclusions of law, and no response is required.

44. Paragraph 44 states conclusions of law, and no response is required.

45. Paragraph 45 states conclusions of law, and no response is required.

46. The United States admits that Plaintiff executed two voluntary agreements with Texas authorities, and is without knowledge or information sufficient to form a belief regarding the remaining allegations set forth in Paragraph 46.

47. The United States is without knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 47.

48. Paragraph 48 states conclusions of law, and no response is required.

49. Paragraph 49 states conclusions of law, and no response is required.

50. Paragraph 50 states conclusions of law, and no response is required.

## COUNT III

51. The United States incorporates by reference its responses to Paragraphs 1 through 50.

52. Paragraph 52 states conclusions of law, and no response is required.

53. Paragraph 53 states conclusions of law, and no response is required.

54. The allegations contained in Paragraph 54 state conclusions of law or characterize Exxon's intentions in bringing suit, and no response is required.

55. The allegations contained in Paragraph 55 state conclusions of law or characterize Exxon's intentions in bringing suit, and no response is required.

56. Paragraph 56 states conclusions of law, and no response is required.

The remainder of the Complaint is Plaintiff's prayer for relief, to which no response is required.

**       **       **

The United States denies each and every allegation set forth in the Complaint that was not specifically addressed in the preceding paragraphs.

FIRST AFFIRMATIVE DEFENSE

All or portions of the claims Exxon advances in the Complaint are barred by the applicable statutes of limitations.

SECOND AFFIRMATIVE DEFENSE

Some or all of the costs Exxon seeks to recover in this suit are already the subject of another suit currently pending in the United States Court of Federal Claims, *Exxon Mobil Corporation v. United States*, No. 09-165C (Ct. Fed. Cl.), in which Exxon seeks to recover the same costs on the basis of other legal theories.  Exxon may not collect a second time for the same costs in this Court.

**COUNTERCLAIM**

While preserving all of its defenses and expressly denying that it is liable to Exxon for any matter set forth in the Complaint, pursuant to the provisions of Fed. R. Civ. P. 13, the United States of America asserts the following counterclaim against Exxon.

PARTIES

1. Defendant and Counterclaimant is the United States of America ("United States").

2. Plaintiff Exxon alleges that it is incorporated under the laws of New Jersey and has its principal place of business in Irving, Texas.

JURISDICTION AND VENUE

3. Jurisdiction over this counterclaim is based upon 42 U.S.C. § 9613(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

4. Venue is proper in this district under 42 U.S.C. § 9613(b). However, the United States has moved to transfer this case to the Southern District of Texas pursuant to 28 U.S.C. § 1404(a), and that motion is pending.

## STATUTORY BACKGROUND

5. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), imposes liability for response costs on four categories of "[c]overed persons" – typically known as potentially responsible parties ("PRPs").

6. PRPs are defined in CERCLA as (1) owners and operators of facilities at which hazardous substances are located; (2) past owners and operators of such facilities at the time that disposal of hazardous substances occurred; (3) persons who arranged for disposal or treatment of hazardous substances; and (4) certain transporters of hazardous substances. See 42 U.S.C. § 9607(a)(1) - (4).

7. CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that "[a]ny person may seek contribution from any other person who is liable or potentially liable under [Section 107(a)], during or following any civil action under [Section 106] or under [Section 107(a)]." 42 U.S.C. § 9613(f)(1).

8. CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), further provides that contribution claims "shall be governed by Federal law," and "[i]n resolving contribution claims, the court may allocate response costs among liable parties using such equitable factors as the court determines are appropriate."

## GENERAL ALLEGATIONS

9. On information and belief, Exxon owns and operates a refinery and other facilities in Baytown, Texas (the "Baytown complex"). On information and belief, Exxon's predecessor, Humble Oil & Refining Company, owned and operated the refinery during the 1940s-1950s.

10. Exxon is a "person" within the meaning of sections 101(21) and 113(f)(1) of CERCLA, 42 U.S.C. §§ 9601(21) and 9613(f)(1).

11. Exxon alleges that it has incurred necessary costs of "response" consistent with the National Contingency Plan ("NCP") in cleaning up "hazardous substances" released at the Baytown complex and other nearby areas or surface waters (the "Baytown site"), and will continue to incur additional costs in connection with its cleanup of the Baytown site.

12. Exxon is liable as the current owner and operator of the Baytown complex, and as the owner and operator of the Baytown refinery when the disposal of hazardous substances occurred.

## COUNTERCLAIM FOR CERCLA CONTRIBUTION

13. The United States incorporates by reference, as if fully set forth herein, Paragraphs 1 through 12 of this Counterclaim.

14. Plaintiff and Counterclaim-Defendant Exxon has filed a civil action against the United States alleging liability, and seeking recovery of costs incurred and to be incurred, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a). Therefore, 42 U.S.C. § 9613(f)(1) authorizes the United States to seek contribution herein.

15. If the Court determines that the United States is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), it should allocate the costs at issue in the Complaint between the two parties using such equitable factors as the Court determines are appropriate under 42 U.S.C. § 9613(f)(1), and grant appropriate declaratory relief under 42 U.S.C. § 9613(g)(2) and 28 U.S.C. § 2201.

**        **        **

WHEREFORE, the United States asks the Court:

(1) to enter judgment in its favor;

(2) to tax costs to the Plaintiff; and

(3) to provide such other relief as may be appropriate.

Dated this 16th day of July, 2010.

Respectfully submitted,

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources
   Division

/s/ Michael D. Rowe
MICHAEL D. ROWE
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington D.C.  20026-3986
Telephone: 202-514-1950
Fax: 202-514-8865
Email: michael.rowe@usdoj.gov

Counsel for Defendant the United States

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 16th, 2010, I served the United States' Answer and Counterclaim on the following lead counsel of record for Plaintiff via first class U.S. mail:

Michael McGovern
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
michael.mcgovern@bakerbotts.com

/s/ Michael D. Rowe
MICHAEL D. ROWE
United States Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington D.C.  20026-3986
Telephone: 202-514-1950
Fax: 202-514-8865
Email: michael.rowe@usdoj.gov

Counsel for Defendant the United States