```
 1                    UNITED STATES DISTRICT COURT

 2                     SOUTHERN DISTRICT OF TEXAS

 3                           HOUSTON DIVISION

 4   EXXON MOBIL CORPORATION,         .
                                      .
 5                 Plaintiff,         .
                                      .  Civil Action
 6   VS.                              .  No. H-10-CV-2386
                                      .  No. H-11-CV-1814
 7                                    .
     UNITED STATES OF AMERICA,        .  Houston, Texas
 8                                    .  March 18, 2013
                                      .  2:35 p.m.
 9                 Defendant.         .
     . . . . . . . . . . . . . . . . . .
10
                       TRANSCRIPT OF PROCEEDINGS
11              BEFORE THE HONORABLE LEE H. ROSENTHAL
                       VIDEO STATUS CONFERENCE
12   APPEARANCES:

13   FOR THE PLAINTIFF:
             Mr. Jefferson Gregory Copeland
14           BAKER BOTTS, LLP
             910 Louisiana, Suite 3000
15           Houston, Texas 77002-4994
             713.229.1301
16           FAX:  713.229.2701
             greg.copeland@bakerbotts.com
17
             Mr. Bill Cominsky
18           (paralegal)

19           Mr. Michael Patrick McGovern
             (by video)
20           Mr. Daniel M. Steinway
             (by video)
21           BAKER BOTTS, LLP
             1299 Pennsylvania Avenue, NW
22           Washington, DC  20004-2400
             202.639.7797
23           202.639.7902
             michael.mcgovern@bakerbotts.com
24
            PROCEEDINGS RECORDED BY STENOGRAPHIC MEANS,
25       TRANSCRIPT PRODUCED FROM COMPUTER-AIDED TRANSCRIPTION
```

Gayle Dye, CSR, RDR, CRR - 713.250.5582

```
 1                         APPEARANCES
 2                         (continued)
 3  FOR THE DEFENDANT:
 4          Mr. Michael D. Rowe
             (by video)
 5          US DEPARTMENT OF JUSTICE
            ENVIRONMENTAL AND NATURAL RESOURCES DIVISION
 6          601 D Street, NW, Suite 8000
            Washington, DC 20004
 7          202.514.3144
            michael.rowe@usdoj.gov
 8
            Mr. Brian H. Lynk
 9           (by video)
            US DEPARTMENT OF JUSTICE
10          PO Box 23986
            Washington, DC  20026-3986
11          202.514.6187
            brian.lynk@usdoj.gov
12
            Ms. Erica M. Zilioli
13           (by video)
            US DEPARTMENT OF JUSTICE
14          PO Box 7611
            Washington, DC  20044
15          202.514.6390
            erica.zilioli@usdoj.gov
16
            Ms. Stephanie J. Talbert
17           (by video)
            US DEPARTMENT OF JUSTICE
18          PO Box 7611
            Washington, DC  20026
19          202.514.2617
            stephanie.talbert@usdoj.gov
20
            Mr. Sam Longoria
21          Assistant United States Attorney
            UNITED STATES ATTORNEY'S OFFICE
22          1000 Louisiana
            Suite 2300
23          Houston, Texas  77002
            713.567.9300
24
25
```

```
 1  COURT REPORTER:
 2             GAYLE L. DYE, CSR, RDR, CRR
            515 Rusk, Room 8007A
 3          Houston, Texas   77002
            713.250.5582
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1                    PROCEEDINGS

2                   March 18, 2013

3          THE COURT:  Go ahead and be seated, please.

4          All right.  So, I understand that we need to
5   extend the schedule by 90 days?

6          MR. COPELAND:  Yes.

7          THE COURT:  Anybody have a calendar with them because
8   I did not bring mine?

9          MR. COPELAND:  We actually have a proposed order, your
10  Honor.

11         THE COURT:  All right.

12         MR. COPELAND:  And I will --

13         THE COURT:  And you backed everything else out, too?

14         MR. COPELAND:  Yes.  The key changes are the cutoff of
15  discovery moves from March 8th to June 14th.

16         THE COURT:  All right.

17         MR. COPELAND:  The dispositive motions move from March
18  29th to August 15th.

19         THE COURT:  So, how come we need so much additional
20  time from the cutoff -- completion of discovery to dispositive
21  motions?

22         MR. COPELAND:  I have to confess that the people that
23  are on the other end of the camera were involved in negotiating
24  the schedule.  And so, they may need to speak to that.

25         THE COURT:  All right.

Gayle Dye, CSR, RDR, CRR - 713.250.5582

|  |  |
|---|---|
| 1 | MR. ROWE: Good afternoon, your Honor. Mike Rowe from |
| 2 | the Justice Department and across from me is Mr. Steinway for |
| 3 | Exxon. The reason for the additional time is that the parties |
| 4 | at the -- we have agreed to a deposition schedule. We have a |
| 02:36:34  5 | number of depositions yet to take. |
| 6 | THE COURT: I'm not quarreling with the completion of |
| 7 | discovery. I was just wondering why you need -- |
| 8 | MR. ROWE: Right. |
| 9 | THE COURT: -- two months after discovery is done to |
| 02:36:44  10 | prepare your dispositive motions. |
| 11 | MR. ROWE: And the answer is because we're going to |
| 12 | take the first month and see if we can settle the case. |
| 13 | THE COURT: Okay. That's a good answer. |
| 14 | MR. COPELAND: And the other major change is that the |
| 02:36:56  15 | docket call date moves from August 19th of this year to January |
| 16 | 8th of 2014. |
| 17 | THE COURT: Okay. |
| 18 | MR. COPELAND: And I apologize for us being here today |
| 19 | with an agreed order. We didn't think we were going to have an |
| 02:37:10  20 | agreed order; and we, I think, finally resolved -- |
| 21 | THE COURT: Good. |
| 22 | MR. COPELAND: -- the last of the issues this morning. |
| 23 | THE COURT: All right. All right. This looks |
| 24 | workable. This looks workable. Okay. I don't have any problem |
| 02:37:34  25 | with signing this. Are there other things that we can |

1  productively address since everybody is here?
2              MR. COPELAND:  Well, I guess there's -- this is
3  probably -- it may sound like an odd answer to that, but I
4  suppose one question is there is a lot of information here.  And
02:37:54  5  I have in my mind a question of whether we could do anything to
6  help you to begin to get ready for this case.
7              THE COURT:  A lot of information where "here"?
8              MR. COPELAND:  I'm sorry.  In the expert reports.
9              THE COURT:  Okay.
02:38:08  10             MR. COPELAND:  And you had mentioned at one point in
11  time that you would actually, perhaps, read the expert reports.
12             THE COURT:  Oh, yeah.
13             MR. COPELAND:  I don't know if I heard that correctly.
14             THE COURT:  Oh, yeah.  So, here's one question that
02:38:20  15  you had raised, which is the question of a supplemental report
16  that the United States intended to have one of its experts
17  provide.  Is that something that --
18             MR. ROWE:  We do, your Honor.  That's the question we
19  had -- I don't know that it's resolved, but we're going to work
02:38:44  20  a bit more on it and see how it comes out.  We might have to
21  come back and see you about that, but we elected this morning
22  between us not to trouble you with it right now.
23             THE COURT:  All right.  That sounds fine.
24             MR. ROWE:  There's --
02:39:00  25             THE COURT:  Go ahead.

                    Gayle Dye, CSR, RDR, CRR - 713.250.5582

1           MR. ROWE:  There's -- I'm sorry, your Honor.  There's
2  one other thing I just wanted to mention to the Court.  We're
3  not quite ready to do it yet; and that is, the United States
4  will likely move in the relatively immediate future to amend its
5  pleadings to add an affirmative defense and counterclaim based
6  on some indemnity language in some of the World War II contracts
7  that we've located.
8           I've talked to Mr. Steinway about that, and he's
9  asked to see those amendments before we file them.  We're
10 expecting that to be uncontested.  I had hoped to have it for
11 you before today, and we just didn't quite get to that.  So,
12 that will probably be coming across your desk in the not too
13 distant future.
14           THE COURT:  All right.
15           MR. ROWE:  But again, we're hoping -- I'm sorry.
16 We're hoping no contest.
17           THE COURT:  Well, since you're proposing to have that
18 disclosed sufficiently in advance of finishing the experts and
19 finishing discovery, I don't see a problem and I take it that,
20 since it's contract language, experts aren't going to be
21 involved in this anyway.
22           MR. ROWE:  It's mostly a legal issue, yes, ma'am.
23           THE COURT:  All right.  Okay.
24           MR. ROWE:  Your Honor, there's one other thing that
25 may be helpful to you in the sense that Mr. Copeland was just

Gayle Dye, CSR, RDR, CRR - 713.250.5582

1 speaking about just in terms of conceptualizing where the case
2 is going if we don't manage to settle it, and that is, that we
3 had had some discussions before about what the summary judgment
4 motions in the case would look like and how comprehensive they
5 would be.
6     And while I don't think anybody is -- has
7 anything -- we don't have a formal agreement or anything
8 chiseled in stone, I think the parties are generally inclined at
9 this point to file what I would call comprehensive summary
10 judgment motions on the liability issues but not so much on the
11 allocation issues.
12     So, some of that complexity that Mr. Copeland is
13 talking about, which I agree, would be productive as we go for
14 us to talk about trying to simplify as much as we can for the
15 Court will likely come up following your resolution of the
16 summary judgment motions and depending on how that comes out.
17 So, it seems to me --
18     THE COURT: So, basically --
19     MR. COPELAND: Sorry, go ahead.
20     THE COURT: So, basically, you have in mind sort of
21 staged summary judgment motions, the first one dealing with
22 liability; and if I don't grant summary judgment on all
23 liability grounds, then you would move to summary judgment
24 motions on allocation. Is that where you're heading?
25     MR. ROWE: We have not discussed -- in concept, yes,

1  although I don't think we had discussed a second round of
2  summary judgment motions so much as we had wondered given that
3  nobody has managed to find a fact witness alive that matters at
4  this stage of the case, the difference between summary judgment
5  and trial, in quotes, is, basically, you're getting to listen to
6  the experts.
7           So, it's something that we will continue to talk
8  about and that we may talk to you about.  I don't -- I would
9  have to say between the parties we really haven't settled that
10 one way or the other.  I think we're anticipating summary
11 judgment motion and then some form of proceeding in which we
12 would put experts in front of your Honor and let you hear them
13 and see what you think is what we're thinking about right now.
14          THE COURT:  Experts on allocation?
15          MR. ROWE:  Experts on a number of things:  history,
16 allocation, plant and petroleum engineering issues, and things
17 like that.
18          THE COURT: All right, good. That works. I think
19 that's workable. Okay. So, we have a proposed order which
20 looks fine, and you've given me a heads-up on some of the things
21 that are going to be coming up.
22          Is there anything else that makes sense to talk
23 about today?
24          MR. ROWE:  I have one small thing, your Honor.  I
25 would be remiss if I let us get out of here today without

1  mentioning that we are sort of 90 percent here on the sequester.
2  That we have agreed to this schedule on the assumption that that
3  will not be more disruptive than we hope, I suppose.
4          There is good reason to believe at this point,
5  although we're not absolutely certain, that we will get through
6  the end of discovery without having any significant disruption.
7  There is reason to hope that we may get through the rest of this
8  schedule without a disruption, but it's something that is still
9  up in the air here.
10          And so, I thought I just would mention it in
11  passing.  I hope that we will not have to talk to you about it
12  again, but we really don't know at this point.
13          THE COURT:  I think that's true probably in lots of
14  different ways.  So, we'll be flexible --
15          MR. ROWE:  We're hopeful.
16          THE COURT:  -- as needed.  All right.
17          MR. COPELAND:  So, I'm still curious about the expert
18  reports and what the context is of your -- and you want to read
19  those in the context of the summary judgment motions?
20          THE COURT:  Yeah, I assume that's when it will make
21  sense for me to read them.
22          MR. COPELAND:  I think so, too, but I wanted to just
23  be sure.
24          THE COURT:  No.  It's just reading them without any
25  specific construct for them I don't think is going to be

Gayle Dye, CSR, RDR, CRR - 713.250.5582

```
 1  helpful.
 2          MR. COPELAND:  Right, okay.
 3          THE COURT:  All right.
 4          MR. COPELAND:  And it will keep you, you know -- well,
 5  it will put you to sleep.
 6          THE COURT:  Okay.  Well, I don't know about that.
 7              Okay.  Well, this has been shorter than I thought
 8  it would be and very helpful.  I'll get this order entered and
 9  we'll proceed along these lines.
10              Thank you very much.
11          MR. LONGORIA:  Thanks, Judge.
12          MR. ROWE:  Thank you.
13          MR. STEINWAY:  Thank you, your Honor.
14      (Proceedings concluded at 2:44 p.m.)
15
16
17               C E R T I F I C A T E
18
19      I certify that the foregoing is a correct transcript
20  from the record of proceedings in the above-entitled matter, to
21  the best of my ability.
22
23  By: /s/Gayle L. Dye                    10-28-2013
24      Gayle L. Dye, CSR, RDR, CRR        Date
25
```

Gayle Dye, CSR, RDR, CRR - 713.250.5582