315: GEN

25, D.C.

NOV 6 1943

*Approved for Mailing without approval of contents*

Mr. Geo. H. Hill, Jr.,
Executive Vice President & General Counsel,
Defense Supplies Corporation,
Room 919-B, Lafayette Building,
Washington, D.C.

Statutory Renegotiation
Contract Clauses.

Dear Mr. Hill:

Confirming our recent conversations, we have, as you know, experienced considerable difficulty in securing the execution of 100 octane aviation gasoline contracts, which are in many cases amendments to, or expansions of previous contracts, due to objections to the inclusion of an unrestricted statutory renegotiation clause. Among the companies which have most strongly objected are Texas, Phillips, Socony-Vacuum, Pan American, Mohawk and Tide Water. The most serious objection, which has been expressed in various forms, is an unwillingness to execute a contract containing a clause having the effect of waiving the right to contest the validity or applicability of the renegotiation statute.

In general these companies are willing to execute contracts containing statutory renegotiation clauses if such clauses can be made to provide that they fall if the statute is held unconstitutional or inapplicable and that if the statute is amended by the Congress, the contract clauses will be deemed to be similarly amended. The R.F.C. Price Adjustment Board, following, as I understand it, policies established by the older boards, refuses to accept any such restriction of the renegotiation clause. Moreover, it refuses to accept the tender of a contract containing an unrestricted renegotiation clause if that tender is accompanied by a letter reserving the right of the contractor to contest constitutionality. As I understand it, this refusal is due to a belief that the statutory provision calling for a contract commitment is for the express purpose of requiring renegotiation even if the statute should be held unconstitutional or inapplicable to contracts entered into before the date of the statute.

In the writer's opinion it is not sound to attribute to the Congress an intent to circumvent the Constitution.

The application of this policy has reached an extreme in a recent ruling of representatives of the R.F.C. Price Adjustment Board with regard to two proposed contracts between your Corporation and the Socony-Vacuum

Oil Company, Inc. Socony-Vacuum wrote us agreeing to execute contracts containing a statutory renegotiation clause, but with reservation, in the letter, of its right to contest constitutionality and applicability. The R.F.C. Price Adjustment Board ruled formally that a contract could not be accepted on this basis. Representatives of Socony-Vacuum have indicated to us a willingness to withdraw the reservation, but desire to do so under protest. Representatives of the R.F.C. Price Adjustment Board have ruled informally that this cannot be done. Such a ruling amounts, it seems to me, to an insistence, not only that an unrestricted renegotiation clause be included in the contract but also that it be included _voluntarily_ and without protest. It seems to the writer that it is going rather far to contend that a Federal statute requires, in effect, a waiver of the right to contest constitutionality of that statute (through insertion of a contract clause) and compels the contractor to make such waiver voluntarily.

Insofar as a company is at liberty to do business with the Government or not, as it sees fit, there is a good deal to be said in defense of this policy. However, in the case of the 100 octane contracts with which we are dealing, Defense Supplies Company is the sole purchaser and P.A.W. insists that each company utilize all of its facilities to make 100 octane aviation gasoline to the extent of its ability to so do, and there is not in fact any freedom to make a choice between contracting and not contracting. In such an instance it seems to me that the least that Government can do is to permit a protest.

In my opinion the presently existing policy should be relaxed in order to permit the acceptance of a renegotiation clause reserving the right to contest the constitutionality of the renegotiation statute and provide that the contract clause will fall if the statute is held unconstitutional or inapplicable to a particular situation. I believe that it would likewise be desirable to go one step further and provide that if the renegotiation statute is amended, the contract clause will be correspondingly amended _ipso facto_. If the people concerned are not willing to go this far it seems to me that the very least that should be done is to permit a protest in those instances in which there is not a freedom of choice between contracting with the Government and not contracting with the Government.

Sincerely yours,

Geo. L. Parkhurst,
Assistant Director of Refining.

cc: B. K. Brown
    J. H. Marshall
    E. D. Cumming
    R. B. Cragin
    W. M. Holaday
    Werlin-Wellman-Phelps-Gummey
    Ridgway-Jayne
    Wilk

GLP   11-6-43

MISC-00063853