IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| EXXON MOBIL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Nos.  H-10-2386 (LHR) |
| | ) | H-11-1814 (LHR) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF EXXON MOBIL CORPORATION'S CONSOLIDATED MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO PHASE 2 COST AND ALLOCATION ISSUES**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Exxon Mobil Corporation ("Exxon") respectfully moves for partial summary judgment in the above-captioned cases as to its remaining claims against the Defendant United States of America ("United States" or "Government") brought pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.,* to recover the Government's equitable share of response costs incurred by Exxon at the Baytown and Baton Rouge Sites.  In support of its motion, Exxon states the following:

1.      The Court has previously ruled that the Government is a "covered" person liable for its equitable share of past and future cleanup costs at the Baytown and Baton Rouge Sites. *Exxon Mobil Corp. v. United States*, 108 F. Supp. 3d 486, 537 (S.D. Tex. 2015).

2.      The Court has also previously ruled that the refineries and Plancors at each of the two Sites are a single "facility" for CERCLA liability purposes. *Id.* at 519.

3.      Exxon has incurred response costs at the Baytown and Baton Rouge Sites in response to releases and/or threatened releases of hazardous substances, and these response costs were both necessary and consistent with the National Contingency Plan ("NCP").

4.      At the Baytown Site, Exxon has incurred $51,048,743 in past response costs through December 2014.  At the Baton Rouge Site, Exxon has incurred $26,046,130 in past response costs through December 2014.  Exxon has also incurred $125,000 at each Site in recoverable consultant investigation costs.

5.      Pursuant to 42 U.S.C. § 9607(a), prejudgment interest on Exxon's past costs amounts to $8,568,010 at the Baytown Site and $1,563,684 at the Baton Rouge Site.

6.      Exxon will continue to incur necessary response costs at the Baytown and Baton Rouge Sites.  Exxon will incur five-year "run-rate" costs in connection with the conduct of ongoing cleanup actions in the amounts of $11,500,000 at the Baytown Site and $1,250,000 at the Baton Rouge Site for the period of 2015 to 2019, as well as additional future response costs described in its accompanying supporting memorandum and related pleadings.

7.      Exxon has accounted for the response costs incurred at the Baytown and Baton Rouge Sites.

8.      Exxon has established the fundamental tenets upon which an equitable allocation of costs among the Parties should be based.  These tenets are that:

      a.  Such an allocation should be based on the use of a "production-based" surrogate;

      b.  The Government's degree of involvement in wartime activities as reflected in the allocation essentially amounted to full control over the raw materials used and the processes necessary to make petroleum war products at each

Site; and

c. Equitable factors such as the following should be taken into account:

    i. The Government's knowledge and acquiescence,

    ii. The implementation of stringent Government policy and requirements during World War II that prevented the installation of required pollution control equipment and therefore substantially delayed the use of this equipment until well after the war, causing additional pollution to occur during this post-wartime period,

    iii. The value of the contamination-causing activities in furthering the Government's national defense efforts, and

    iv. The parties' intent to allocate liability among themselves in entering into the 100-octane aviation gasoline contracts during the wartime period.

WHEREFORE, Exxon respectfully requests that the Court grant its motion for partial summary judgment and enter judgment for Exxon on its remaining CERCLA claims against the Government in the above-captioned cases.  Exxon requests judgment:

1. That the costs that Exxon has incurred in the past in response to releases and/or threatened releases of hazardous substances at the Baytown and Baton Rouge Sites were necessary;

2. That the response costs Exxon has incurred in the past at the Baytown and Baton Rouge Site were incurred consistent with the National Contingency Plan;

3. That the response costs Exxon has incurred in the past at the Baytown and Baton Rouge Sites were accurately accounted for under the National Contingency Plan;

4. That Exxon's proposed allocation methodology, namely one which is based on a production-oriented surrogate, is the appropriate methodology by which this Court will equitably allocate past and future costs incurred at both the Baytown and Baton Rouge Sites; and

     5.   That Exxon's claim for response costs incurred at the Baytown Site has been timely

filed.

In support of this motion, Exxon submits the accompanying memorandum, proposed findings of undisputed material facts, and other attachments identified in the memorandum.  A proposed order is also provided for the Court.


Dated:  December 15, 2017          Respectfully submitted,


           /s/ Daniel M. Steinway
Daniel M. Steinway (S.D. Tex. No. 1105349) -
    Attorney in Charge
Tynan Buthod (S.D. Tex. No. 14036)
Michael McGovern (S.D. Tex. No. 1095459)
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
Tel.:   (202) 639-7700
Fax:   (202) 639-7980
daniel.steinway@bakerbotts.com

*Counsel for Plaintiff Exxon Mobil Corporation*

Active 36698046.1

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of December 2017, I served the foregoing to Defendant United States of America via the Court's ECF service upon the following counsel for Defendant:

> Michael D. Rowe, Esq.
> United States Department of Justice
> Environment Division
> Environmental Defense Section
> 601 D Street, N.W., Room 8110
> Washington, D.C. 20004
> michael.rowe@usdoj.gov
>
> Justin D. Heminger, Esq.
> United States Department of Justice
> Environment Division
> Environmental Defense Section
> 601 D Street, N.W., Room 8110
> Washington, D.C. 20004
> justin.heminger@usdoj.gov
>
> Stephanie J. Talbert
> United States Department of Justice
> Environment Division
> Environmental Defense Section
> 601 D Street, N.W., Room 8110
> Washington, D.C. 20004
> stephanie.talbert@usdoj.gov
>
> Brian H. Lynk
> United States Department of Justice
> Environment Division
> Environmental Defense Section
> 601 D Street, N.W., Room 8110
> Washington, D.C. 20004
> brian.lynk@usdoj.gov

Erica Zilioli
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
erica.zilioli@usdoj.gov

/s/ Michael McGovern
Daniel M. Steinway (S.D. Tex. No. 1105349) -
    Attorney in Charge
Tynan Buthod (S.D. Tex. No. 14036)
Michael McGovern (S.D. Tex. No. 1095459)
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
Tel.:    (202) 639-7700
Fax:     (202) 639-7980
michael.mcgovern@bakerbotts.com

*Counsel for Exxon Mobil Corporation*