IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, | |
| Plaintiff, | |
| v. | 4:10-CV-02386 (LHR) |
| | 4:11-CV-01814 (LHR) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

## UNITED STATES' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PHASE TWO ISSUES

Pursuant to Federal Rule of Civil Procedure 56, the United States moves for summary judgment holding that:

1. Exxon's costs associated with the Lower Outfall Canal and the Facility Operations Areas ("FOA") at the Baytown refinery do not constitute "necessary costs of response" for purposes of CERCLA § 107(a), 42 U.S.C. § 9607(a), and Exxon thus may not recover those costs. In the alternative, if the Court finds that costs associated with these units are recoverable "necessary costs of response," the United States should be allocated a zero share of those costs.

2. Exxon's claims for costs associated with Separator 3M, Separator 10, the Upper and Lower Outfall Canals, the Velasco Street Ditch, and the South Landfarm at the Baytown refinery are precluded by application of the statute of limitations found in CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2);

3. Exxon's claims for costs associated with the Shallow Fill Zone, the Old Silt Pond, and the Rice Paddy Landfarm at the Baton Rouge refinery are precluded by application of the statute of limitations found in CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2);

4. Exxon's claims for costs associated with the South Landfarm, the Upper and Lower Outfall Canals, and the Velasco Street Ditch at the Baytown refinery were not incurred "consistent with the national contingency plan," as required by CERCLA § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B);

5. Exxon's claims for costs associated with the Shallow Fill Zone and the Rice Paddy Landfarm at the Baton Rouge refinery were not incurred "consistent with the national contingency plan," as required by CERCLA § 107(a)(4)(B), 42 U.S.C. § 9607(a)(4)(B);

6. Sums that Exxon recovered through insurance and allocated to each Site must be removed from Exxon's cost claims by reducing Exxon's past costs at each cleanup unit;

7. Exxon has not complied with the "accurate accounting" requirements of the National Contingency Plan found at 40 C.F.R. § 300.160(a)(1) with regard to at least $6.7 million of its cost claim, and thus cannot recover that amount, and for each remaining cost that Exxon seeks to recover, it must produce an invoice and proof of payment (or equivalent support) that provides an accurate accounting of that cost;

8. Because there is no evidence establishing that the United States is responsible for waste disposal that generated the contamination Exxon has addressed in connection with the Old Silt Pond and the Rice Paddy Landfarm at Baton Rouge, Exxon should bear a 100% share of costs for any related cleanup effort;

9. Because there is no evidence establishing that the United States is responsible for waste disposal that generated the Tank Farm 3000/BOW Groundwater Plume at Baytown, Exxon should bear a 100% share of costs for any related cleanup effort;

10. Exxon should recover no more than a 2% share of any costs not otherwise excluded at the Baytown refinery;

11. Exxon should recover no more than a 1% share of any costs not otherwise excluded at the Baton Rouge refinery; and

12. The Court will not allocate shares between the Parties with respect to future costs until such time as those costs are presented, together with evidentiary support that would permit the court to evaluate the facts and equities associated with them.

The reasons for the motion are set forth in the attached Memorandum in Support, and a proposed order is attached.

Respectfully submitted,

JEFFREY H. WOOD
*Acting Assistant Attorney General*
Environment and Natural Resources Division
United States Department of Justice

*/s/ Erica Zilioli*
_____
MICHAEL D. ROWE (Attorney-in-Charge)
ERICA M. ZILIOLI
JUSTIN D. HEMINGER
BRIAN H. LYNK
STEPHANIE J. TALBERT
*Trial Attorneys*
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-3144
michael.rowe@usdoj.gov

ABE MARTINEZ
*Acting United States Attorney*

JIMMY RODRIGUEZ
*Assistant United States Attorney*
Southern District No. 572175
Texas Bar No. 24037378
1000 Louisiana, Suite 2300
Houston, TX 77002
(717) 567-9532
jimmy.rodriguez2@usdoj.gov

*Counsel for Defendant United States*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2017, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

/s/ *Erica Zilioli*