IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   Civil Action Nos.   H-10-2386 (LHR) |
| UNITED STATES OF AMERICA, | )                                H-11-1814 (LHR) ) ) |
| Defendant. | ) ) |

**PLAINTIFF EXXON MOBIL CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff Exxon Mobil Corporation ("Exxon") submits this Notice of Supplemental Authority regarding *Shell Oil Co. v. United States*, No. 17-1695 (Fed Cir.) (opinion filed July 18, 2018) ("*Shell*") (attached as Exhibit A). In the *Shell* litigation, the plaintiff oil companies asserted claims against the United States ("Government") for reimbursement of their cleanup costs pursuant to World War II contracts for the production of 100-octane aviation gasoline or "avgas" (the "Avgas Contracts"). *Shell* at 6. These Avgas Contracts and their relevant cost reimbursement provisions (by which the Government agreed to pay for all costs incurred "by reason of" avgas production) are pertinently-identical to the Avgas Contracts at issue in the above-captioned actions that Exxon brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) (the "CERCLA Actions"), as well as Exxon's companion contract actions pending before the U.S. Court of Federal Claims. *See Exxon Mobil Corp. v. United States*, Nos. 09-165, 09-882 (Fed. Cl.) (the "Contract Actions").

On July 18, the U.S. Court of Appeals for the Federal Circuit affirmed the Court of Federal

Claims' decision in *Shell Oil Co. v. United States,* 130 Fed. Cl. 8, 42 (2017) that the United States was responsible for 100% of the oil companies' claimed cleanup costs at the McColl Superfund Site ("McColl Site") under the cost reimbursement provisions in the relevant Avgas Contracts. *Shell* at 28.  The Avgas Contracts at issue in *Shell* as well as in Exxon's CERCLA and Contract Actions required the Government to pay for any new or additional "charges" incurred "by reason of the production manufacture, sale[,] or delivery" of avgas under the contract.  *Id.* at 11.

In a unanimous ruling, the Federal Circuit specifically rejected the Government's argument that some of the acid waste resulted from the production of non-avgas products, such as motor fuel and other products, and therefore, not all of the acid waste at the McColl Site was generated "by reason of" avgas production.  *Shell* at 14.  In rejecting the Government's argument, the Federal Circuit agreed with the Court of Federal Claims' rationale, stating that "[a]ll acid sludge created from the production of non-avgas components, such as motor fuel, began as sulfuric acid that was catalyzed with crude oil during the process to create avgas and became spent alkylation acid in need of waste disposal. . . .  Thus, even if the acid sludge was a secondary waste product, it is still directly related to the initial reaction used to create avgas[.]" *Id.*  The Federal Circuit further emphasized that the Avgas Contracts "explicitly acknowledged that avgas production would necessarily result in the production of acid sludge produced from the treatment of non-avgas products," *id.* at 15, because the contracts stated that "substantial quantities of motor fuel and other products must necessarily be produced and sold in connection with production of" avgas." *Id.*[1] The Federal Circuit therefore ruled that it was appropriate for the Government to bear 100% of the oil companies' claimed cleanup costs to address the acid waste at the McColl Site.  *Id.* at 2-3.

---

[1] An identical acknowledgement appears in the Avgas Contracts at issue in the Exxon Contract and CERCLA Actions.  A000482; A000507.

Dated:  July 26, 2018 Respectfully submitted,

 /s/ Daniel M. Steinway
Daniel M. Steinway (S.D. Tex. No. 1105349) - Attorney in Charge
Tynan Buthod (S.D. Tex. No. 14036)
Michael McGovern (S.D. Tex. No. 1095459)
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
Tel.:    (202) 639-7700
Fax:    (202) 639-7980
daniel.steinway@bakerbotts.com

*Counsel for Plaintiff Exxon Mobil Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of July 2018 I served the foregoing on the following counsel for Defendant United States of America via the Court's ECF service upon:

Michael D. Rowe, Esq.
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
michael.rowe@usdoj.gov

Erica Zilioli
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
erica.zilioli@usdoj.gov

Justin D. Heminger, Esq.
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
justin.heminger@usdoj.gov

Stephanie J. Talbert
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
stephanie.talbert@usdoj.gov

Brian H. Lynk
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
brian.lynk@usdoj.gov

5

/s/ Michael McGovern
Daniel M. Steinway (S.D. Tex. No. 1105349) - Attorney in Charge
Tynan Buthod (S.D. Tex. No. 14036)
Michael McGovern (S.D. Tex. No. 1095459)
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
Tel.:    (202) 639-7700
Fax:    (202) 639-7980
michael.mcgovern@bakerbotts.com

*Counsel for Exxon Mobil Corporation*
