IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EXXON MOBIL CORPORATION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action Nos.   H-10-2386 (LHR) |
| UNITED STATES OF AMERICA, | )                                    H-11-1814 (LHR) ) ) |
| Defendant. | ) ) |

**PLAINTIFF EXXON MOBIL CORPORATION'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL REFERENCE TO EXISTING AUTHORITY**

Plaintiff Exxon Mobil Corporation ("Exxon") submits this response to the Defendant's Supplemental Reference to Existing Authority in the above-captioned cases (ECF No. 228; filed July 24, 2018) ("Supplemental Reference").  The cases cited by the Defendant United States ("Government") in the Supplemental Reference are all distinguishable from the present actions, as is already discussed at length in Exxon's briefs in the cross-motions for partial summary judgment currently pending before the Court.  *See* Plaintiff Exxon Mobil Corporation's Response in Opposition to United States' Motion for Partial Summary Judgment on Phase Two Issues, Case No. 10-2386 *et al.* (ECF No. 209; filed March 23, 2018) ("Exxon Response"), at 14-16.  For instance, several of the cases deal only with *remedial*, not *removal* actions, and the determination by the courts in those cases that there could be multiple *remedial* actions was based on EPA's decision to separate the Superfund Site at issue into multiple operable units, or "OUs" (and OUs are unique to remedial actions, *see* 40. C.F.R. § 300.430).  *See United States v. Manzo*, 182 F. Supp. 2d 385, 402 (D.N.J. 2001); *United States v. Akzo Nobel Coatings, Inc.*, 990 F. Supp. 897,

904-906 (E.D. Mich. 1998).[1]

Similarly, in *Bernstein v. Bankert*, 733 F.3d 190 (7th Cir. 2013), the court had to determine the impact of the fact that EPA had entered into two different Administrative Orders on Consent ("AOCs") with respect to the same site. The focus of the court's analysis in that case was not whether, generally speaking, there could be multiple removal actions at a given site for purposes of CERCLA section 113(g)(2)(A) (the statute of limitations triggered by completion of a removal action), but instead what the limitations periods should be in that case given that other limitation periods may have been triggered under CERCLA section 113(g)(3) by the two AOCs. Likewise, while the court in *Raytheon Constructors, Inc. v. ASARCO, Inc.*, No. 96-N-2072, 2000 WL 1635482 (D. Colo. March 31, 2000) did assess whether different phases of the activities at issue were "removal" or "remedial," the statute of limitations was not at issue in that case and the court therefore did not undertake any formal analysis of whether there can be more than one "removal action" at a given site.

Accordingly, Exxon maintains that the key cases – including the Sixth and Tenth Circuit cases cited by the Government in its Supplemental Reference – represent the majority view on this issue and accurately reflect CERCLA's statutory language, which indicates that generally speaking there can be only one removal action per site. *See also Geraghty & Miller, Inc. v. Conoco Inc.*, 234 F.3d 917, 921-22, 925-27 (5th Cir. 2000) (effectively treating "three phases" of removal activities conducted during the 1980s and early 1990s as a single removal action before concluding that the 1997 CERCLA suit had been timely brought).

---

[1] *Valbruna Slater Steel Corp. v. Joslyn Manufacturing Co.*, No. 1-10-cv-044, 2013 WL 1182985, at *10-11 (N.D. Ind. March 21, 2013) and *United States v. Ambroid Co.*, 34 F. Supp. 2d 86, 89-90 (D. Mass. 1999) are also both addressed in Exxon's Response at 15 n. 11 & 12.

Dated:  July 31, 2018                              Respectfully submitted,

       /s/ Daniel M. Steinway
Daniel M. Steinway (S.D. Tex. No. 1105349) - Attorney in Charge
Tynan Buthod (S.D. Tex. No. 14036)
Michael McGovern (S.D. Tex. No. 1095459)
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
Tel.:    (202) 639-7700
Fax:    (202) 639-7980
daniel.steinway@bakerbotts.com

*Counsel for Plaintiff Exxon Mobil Corporation*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 31st day of July 2018 I served the foregoing on the following counsel for Defendant United States of America via the Court's ECF service upon:

Michael D. Rowe, Esq.
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
michael.rowe@usdoj.gov

Erica Zilioli
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
erica.zilioli@usdoj.gov

Justin D. Heminger, Esq.
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
justin.heminger@usdoj.gov

Stephanie J. Talbert
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
stephanie.talbert@usdoj.gov

Brian H. Lynk
United States Department of Justice
Environment Division
Environmental Defense Section
601 D Street, N.W., Room 8110
Washington, D.C. 20004
brian.lynk@usdoj.gov

/s/ Michael McGovern
Daniel M. Steinway (S.D. Tex. No. 1105349) -
Attorney in Charge
Tynan Buthod (S.D. Tex. No. 14036)
Michael McGovern (S.D. Tex. No. 1095459)
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Tel.: (202) 639-7700
Fax: (202) 639-7980
michael.mcgovern@bakerbotts.com

*Counsel for Exxon Mobil Corporation*
