IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| EXXON MOBIL CORPORATION, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Nos.   H-10-2386 (LHR) |
|  | ) H-11-1814 (LHR) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO EXCLUDE MATTHEW LOW'S
<u>NEW, UNDISCLOSED OPINIONS ON ALLOCATION</u>**

Daniel M. Steinway (S.D. Tex. No. 1105349)
   Attorney in Charge
Michael McGovern (S.D. Tex. No. 1095459)
Martha S. Thomsen (admitted *pro hac vice*)
BAKER BOTTS L.L.P.
700 K Street N.W.
Washington, D.C.  20001
Telephone:  202.639.7700
Facsimile:  202.639.7890
daniel.steinway@bakerbotts.com
michael.mcgovern@bakerbotts.com
martha.thomsen@bakerbotts.com

Tynan Buthod (S.D. Tex. No. 14036)
910 Louisiana
Houston, TX 77002-1234
Telephone:  713.229.1912
Facsimile:  713.229.2712
ty.buthod@bakerbotts.com

*Counsel for Exxon Mobil Corporation*

February 11, 2020

## **TABLE OF CONTENTS**

Page

I. Mr. Low's 2012 and 2017 Expert Reports Only Applied a Time-Based Allocation Approach. ................................................................................................................. 1

II. The Court Has Held That It Will Apply a Production-Based Allocation Approach. ......... 2

III. Mr. Low May Not Testify About a Time-Based Allocation Approach Because That Subject Is Irrelevant and Unreliable. ................................................................................. 3

IV. Mr. Low May Not Testify About the Production-Based Allocation Approach Contained in His January 31, 2020 Expert Report Due to Untimeliness........................... 4

# TABLE OF AUTHORITIES

**Page(s)**                                                                                                        **Cases**

*Daubert v. Merrell Dow Pharm., Inc.*,
    509 U.S. 579 (1993) ......................................................................................................3

*Exxon Mobil Corp. v. United States*,
    335 F. Supp. 3d 889 (S.D. Tex. 2018) ................................................................1, 2, 3

*Geiserman v. MacDonald*,
    893 F.2d 787 (5th Cir. 1990) ................................................................................4, 6, 7

*Harkness v. Bauhaus U.S.A., Inc.*,
    No. 3:13-CV-00129-DMB-SAA, 2015 WL 631512 (N.D. Miss. Feb. 13, 2015) ......3

*United States v. Kirk*,
    No. SA-11-CR-449(2)-DAE, 2013 WL 6198221 (W.D. Tex. Nov. 27, 2013) ..........3

*West v. Perry*,
    No. 2:07CV200, 2008 WL 5071109 (E.D. Tex. Nov. 25, 2008), *aff'd*, 392 F. App'x
    328 (5th Cir. 2010) ......................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Civ. P. 37(c)(1) ........................................................................................................4

Fed. R. Evid. 402 .................................................................................................................3

Fed. R. Evid. 702 .................................................................................................................3

Plaintiff Exxon Mobil Corporation moves the Court to exclude any testimony that Matthew Low may offer on allocation based on either a <u>time-on-the-risk approach</u> or a <u>production-based approach</u>, because neither approach was ever disclosed in depositions, by expert report, or by expert disclosures. This Court rejected Mr. Low's only disclosed opinions—based on a time-on-the-risk approach—in August 2018. Mr. Low did not submit any new opinions on allocation (based on production) until January 31, 2020. With trial scheduled to begin on March 2, 2020, and with trial preparations long since underway, Plaintiff will not have sufficient time in which to form a rebuttal to these new opinions and will be unduly prejudiced if they are not excluded.

Mr. Low submitted reports on allocation on August 10, 2012 and November 16, 2012. Thereafter, the Court issued an opinion and order on certain matters, dated June 4, 2015. In response, Mr. Low submitted a supplemental report on allocation, dated January 30, 2017. The Court issued a memorandum and opinion, dated August 17, 2018, detailing the allocation approach to be used at trial. *See Exxon Mobil Corp. v. United States*, 335 F. Supp. 3d 889 (S.D. Tex. 2018).

Following the Court's August 2018 ruling, the Government never supplemented its disclosures regarding Mr. Low, did not provide a new expert report, nor otherwise alert Exxon that it would still offer Mr. Low as an expert at trial since his opinion had become moot.

The Government only supplemented the Low report (truly replacing the old opinion and calculations) on January 31, 2020, a full 17 months *after* this Court's decision.

### I. Mr. Low's 2012 and 2017 Expert Reports Only Applied a Time-Based Allocation Approach.

Throughout his earlier expert reports, Mr. Low offers opinions on the time-on-the-risk allocation of damages at the Baytown and Baton Rouge sites, an approach that assumes the sites generated an equal amount of waste each year. *See, e.g.*, Exhibit A, Low 2017 Supplemental Report at 24 ("By treating the response cost impact on the claimed units of *each year equally* in

what is essentially a 'time of use' method set against a large increase in production, *my allocation framework* has a built-in reduction factor applicable to the response cost impact per barrel of oil for each year after 1945. . . . the response cost impact on an annual basis remains the same.") (emphasis added) and *id.* at 50 ("As I explained in my 2012 report, I chose a *time of use model for allocation* . . . .") (emphasis added); *see also id.* at 41 ("However, in the event that the Court finds that some portion of the response costs for this unit may be attributed to the period of government operations, in my opinion, a reasonable way of calculating damages would be based on a years of operation analysis . . . ."); *id.* at 43 ("in my opinion, the most appropriate method of allocation is based on years of operation"); and *id.* at 45 ("it is more appropriate to apply the waste reduction multipliers to a time of use calculation – which begins by treating each year equally").

Mr. Low did not offer an alternative allocation approach based on production in his 2012 and 2017 reports. *See id.* at 50 ("[I]t did not appear that the facts required to reliably support the adjusted crude throughput-based construct like that Mr. White chose were available in the record. In particular, I do not believe that the waste reduction multipliers applied by Mr. White to 'adjust' the crude throughput can be justified."). Simply put, Mr. Low took an approach that this Court rejected.

**II.     The Court Has Held That It Will Apply a Production-Based Allocation Approach.**

The Court decided the issue of "what equitable-allocation methodology [it] should use— the 'time-on-the-risk' analysis the United States proposes, or the 'production-based' analysis that Exxon proposes." *Exxon Mobil Corp.*, 335 F. Supp. 3d at 900. After undertaking a thorough analysis on this issue (*see id.* at 934-41), the Court held that it "will apply a *production-based* approach." *Id.* at 942 (emphasis added). In doing so, the Court found that the time-on-the-risk allocation approach "does not adequately account for the waste generation levels that widely varied

between the wartime and non-wartime periods." *Id.* Mr. Low did not offer opinions based on this approach for 17 months.

### III. Mr. Low May Not Testify About a Time-Based Allocation Approach Because That Subject Is Irrelevant and Unreliable.

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-00129-DMB-SAA, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015); *see also United States v. Kirk*, No. SA-11-CR-449(2)-DAE, 2013 WL 6198221, at *2 (W.D. Tex. Nov. 27, 2013) (finding that motions in limine enable courts "to rule in advance of trial on the relevance of certain forecasted evidence") (internal quotation marks omitted). Indeed, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Where potential evidence is "of little relevance," then courts will grant motions in limine to preclude such evidence. *West v. Perry*, No. 2:07CV200, 2008 WL 5071109, at *3 (E.D. Tex. Nov. 25, 2008), *aff'd*, 392 F. App'x 328 (5th Cir. 2010).

The issue of a time-on-the-risk approach to allocation has been extensively briefed and subjected to a searching analysis by the Court. *See Exxon Mobil Corp.*, 335 F. Supp. 3d at 934-42. That approach was found to be inadequate because it did "not attempt to account for the actual facility conditions and the significantly different levels of crude-oil production and waste generation in different years." *Id.* at 942. As a result, the Court will apply a production-based allocation approach in future proceedings. *See id.* Consequently, based on reliability concerns by the Court, the time-on-the-risk allocation approach has been rendered irrelevant at trial and any such testimony by Mr. Low should be precluded.[1]

---

[1] In addition, due to their irrelevance, Mr. Low's opinions based on a time-on-the-risk allocation approach are deficient based on *Daubert* grounds. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591-92 (1993) (holding that under Rule 702 of the Federal Rules of Evidence, admissible expert opinions must be relevant).

IV. **Mr. Low May Not Testify About the Production-Based Allocation Approach Contained in His January 31, 2020 Expert Report Due to Untimeliness.**

Mr. Low only supplemented his expert report on January 31, 2020, one month before trial. However, under the Second Amended Scheduling and Docket Control Order, any such report was due three years earlier on January 30, 2017. *See* Docket Entry #187. Consequently, Mr. Low's recent supplemental expert report should be struck due to its untimeliness.

"If a party fails to provide information . . . as required by [a scheduling order], the party is not allowed to use that information . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court has broad discretion in how it enforces its scheduling orders. *See Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990). In determining whether it is appropriate to exclude evidence that is untimely, the Fifth Circuit analyzes the following four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* at 791. As shown below, all four factors weigh in Plaintiff's favor, therefore Mr. Low's January 31, 2020 expert report should be excluded.

First, the Government fails to provide a good reason for why Mr. Low waited until the eve of trial to submit his supplemental expert report. Indeed, Mr. Low admits that his new opinions are a response to the Court's August 2018 ruling. "The purpose of this report is to conform my allocation analysis with the Court's August 17, 2018 Summary Judgment Opinion . . . ." Exhibit B, Jan. 31, 2020 Supplemental Report at 2. Even if Mr. Low could not have supplemented his report until after the Court's 2018 Opinion, no reason is given for why it took approximately seventeen months to do so.

Second, at this time, Plaintiff is unable to ascertain how important Mr. Low's proposed testimony based on his January 31, 2020 Supplemental Report is to Defendant's case. Indeed,

rather than choosing a different expert to pursue a production-based allocation approach, Defendant had Mr. Low create it at the eleventh hour—even though he was adamantly opposed to this methodology. Because Mr. Low has denigrated a production-based allocation approach in his previous reports, his reliability on this topic is questionable. Without more, this factor goes in favor of Plaintiff.

Third, the potential prejudice to Plaintiff in allowing Mr. Low's testimony based on his January 31, 2020 Supplemental Report is extraordinary. By waiting so long to submit this latest report, Defendant has deprived Plaintiff of the ability to analyze the new opinions, confront them, require Mr. Low to testify under oath about them in discovery, and then provide any rebuttal at trial by its experts. The allocation subject matter is so intricate that Plaintiff's experts will not have sufficient time in which to respond to this new report at the time of trial. In a similar situation earlier in this case, the Government said the following about one of Plaintiff's supplemental expert reports on allocation: "[T]he new report clearly involves complex calculations and considerable new material – hardly the sort of thing that the Government and associated experts could be expected to deal with days before opposition briefs are due." March 19, 2018 Email from Michael Rowe (Defendant's attorney) to Michael McGovern (Plaintiff's Attorney), attached as Exhibit C. Defendant cannot argue that Plaintiff will have enough time before trial to analyze, digest, or rebut Mr. Low's most recent report.

This is not a matter in which the defense expert merely critiques the work of the plaintiff's expert. Mr. Low has created a new, eleventh-hour model, which requires significant attention and effort for Exxon's experts to digest. Mr. Low has essentially created a new, production-oriented allocation that will require sufficient time to analyze and interpret. For example, the Supplemental Low Report includes a detailed set of spreadsheets, which include a number of specific analytical assumptions and accompanying methodology that must be fully analyzed in order to determine

their accuracy. These spreadsheets allegedly include assumptions about the potential recoveries under CERCLA, as well as the CERCLA/contract interplay, which have proven to be significant issues subject to a substantial amount of interpretation, something which *must* be fully verified or refuted in order to determine whether it complies with proper allocations for CERCLA and any accompanying equitable adjustment factors. Moreover, without specifying the basis for a number of the waste-reduction multipliers included in Mr. Low's allocation for the very first time, Exxon's experts will be required to test the appropriateness of these assumptions and whether they could, in fact, be consistent with regulatory compliance obligations. This is one of the key issues in the case and will require detailed work by the Exxon experts—a complete distraction from their preparation for trial. And finally, on the eve of trial, the Government's expert has addressed specific units individually and made further scientific technical allegations regarding questions such as waste operating history and allocation that merit significant technical review and analysis, even though the Government has had many years to address these units in the past.[2]

      Fourth, Plaintiff remains eager to get this case to trial. Moreover, Plaintiff does not seek a continuance because Plaintiff is "anxious for the trial of this case to proceed and does not want any delay of [its] day in court." *Geiserman*, 893 F.2d 792 (internal quotation marks omitted). Further, a continuance would cause Plaintiff to incur additional, unnecessary costs in bringing the lawsuit. *See id.* The parties and the Court have worked to identify a real trial date and adhere to it, particularly with the Court's busy schedule. Thus, a continuance of the trial is not a cure-all for the extreme tardiness of Mr. Low's Supplemental Report.

---

[2] Should Defendant attempt to portray the matters raised in Mr. Low's January 31, 2020 Supplemental Report as anything other than complex, then Plaintiff requests leave to provide more information on this point.

As a result, the untimeliness of Mr. Low's January 31, 2020 Supplemental Report is neither substantially justified nor harmless, and should therefore be excluded because all four *Geiserman* factors weigh in Plaintiff's favor.

Respectfully submitted,

BAKER BOTTS L.L.P.

 /s/ Daniel M. Steinway
Daniel M. Steinway (S.D. Tex. No. 1105349)
   Attorney in Charge
Michael McGovern (S.D. Tex. No. 1095459)
Martha S. Thomsen (admitted *pro hac vice*)
700 K Street N.W.
Washington, D.C.  20001
Telephone:  202.639.7700
Facsimile:  202.639.7890
daniel.steinway@bakerbotts.com
michael.mcgovern@bakerbotts.com
martha.thomsen@bakerbotts.com

Tynan Buthod (S.D. Tex. No. 14036)
910 Louisiana
Houston, TX 77002-1234
Telephone:  713.229.1912
Facsimile:  713.229.2712
ty.buthod@bakerbotts.com

*Counsel for Exxon Mobil Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th of February, 2020, I served the foregoing on the following counsel by filing the same via the Court's ECF system:

Michael D. Rowe
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
michael.rowe@usdoj.gov

Brian H. Lynk
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
brian.lynk@usdoj.gov

Sue Chen
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
sue.chen@usdoj.gov

Andrew John Corimski, III
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
andrew.corimski@usdoj.gov

Mark Walters
United States Department of Justice
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
mark.walters@usdoj.gov

      /s/ Tynan Buthod
     Tynan Buthod